IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-05-0449 |
| | § | |
| HARRISON BENNETT | § | (Civil Action No. H-10-2830) |
| | § | |

# MEMORANDUM AND ORDER

Pending before the Court is a motion filed by the defendant, Harrison Bennett, to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. [Doc. # 72]. The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the relevant proceedings, and the application of governing legal authorities, Bennett's pending motion and the corresponding civil action (H-10-2830) must be dismissed for reasons set forth below.

## I.   BACKGROUND

On November 28, 2005, a federal grand jury returned an indictment against Bennett, charging him with unlawful possession of a firearm after having been convicted of three or more violent felonies (count one). Bennett was also charged with making a false statement to a licensed dealer in connection with his acquisition of a firearm (count two). On March 24, 2006, Bennett agreed to plead guilty to count two of the indictment pursuant to the terms of a written plea agreement. In that written plea agreement, Bennett admitted that he made false statements to a licensed firearms dealer by stating that he had not been convicted of a

felony. [Doc. # 20, *Plea Agreement*, ¶ 14]. In fact, Bennett had at least five prior felony convictions, three of which were for violent crimes. [*Id.*].

To aid in determining Bennett's sentence, the Court directed the Probation Office to prepare a presentence report ("PSR") under the United States Sentencing Guidelines. According to the PSR, Bennett's base offense level score was 24 under the relevant Guideline provision for making a false statement in connection with the acquisition of a firearm. That total was reduced by 3 levels to 21 based on Bennett's acceptance of responsibility. Bennett's lengthy criminal record yielded a score of 13, placing him in Criminal History Category VI. As a result, Bennett faced a sentence of 77-96 months in prison. In a judgment entered on August 21, 2006, the Court sentenced Bennett at the lowest end of the applicable Guidelines range to serve 77 months of imprisonment followed by two years of supervised release. [Doc. # 39]. Bennett did not pursue a direct appeal.

Bennett has now filed a motion for relief from his conviction and sentence under 28 U.S.C. § 2255.[1] Bennett contends that he is entitled to relief for the following grounds: (1) the conviction is void for lack of subject matter jurisdiction because his indictment violates "Public Law No. 99-308," otherwise known as the Firearm Owner's Protection Act, 100 Stat. 449 (May 19, 1986); (2) the government "committed Fraud upon the Court" by charging him with a "Null and Void" indictment for a "so-called federal crime" that was really a

---

[1] Bennett filed a previous motion to vacate his sentence under 28 U.S.C. § 2255 on September 4, 2008. [Doc. # 53]. Because Bennett invoked an amendment to the United States Sentencing Guidelines, the Court construed that motion as one seeking to modify his term of imprisonment based on an amendment to the Sentencing Guidelines. Thus, the Court determined that Bennett's previous motion was governed by 18 U.S.C. § 3582(c)(2), and not 28 U.S.C. § 2255, and denied relief in an order dated October 20, 2008. [Doc. # 54].

2

misdemeanor; (3) he is "actually innocent of the charges" because the federal government lacked "subject-matter-jurisdiction" over the State of Texas; and (4) he was denied effective assistance of counsel because his attorney did not raise any of these defenses. The motion must be denied for reasons set forth briefly below.

## II. DISCUSSION

### A. Waiver

The motion must be denied because, pursuant to the written plea agreement in this case, Bennett waived the right to appeal or to otherwise challenge his conviction and sentence collaterally under 28 U.S.C. § 2255. [Doc. # 20, Plea Agreement, at ¶ 7]. It is well settled that an informed and voluntary waiver of post-conviction relief under 28 U.S.C. § 2255 "is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

Although Bennett objects to the validity of the indictment, he does not challenge the voluntariness of his guilty plea or the legitimacy of the waiver. The Court has reviewed Bennett's *pro se* pleadings and finds no allegation that the waiver was tainted by ineffective assistance of counsel. *See United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002) (citing *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995)). Bennett does not otherwise allege facts that cast doubt on the validity of the waiver of collateral review found in the written plea agreement. The Court concludes, therefore, that Bennett's claims are foreclosed by the written plea agreement.

### B. One-Year Statute of Limitations

Alternatively, even if not waived, the motion is untimely. According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all petitions or motions for collateral relief under 28 U.S.C. §§ 2254, 2255 filed after April 24, 1996 are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). The limitations period in Bennett's case expired one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

The record confirms that Bennett was sentenced pursuant to a judgment imposed on August 21, 2006. Because Bennett did not file an appeal, that judgment became final thirty days later, on or about September 20, 2006, when his time to appeal expired. That date triggered the statute of limitations, which expired no later than September 20, 2007. Bennett's pending § 2255 motion, which is dated July 29, 2010, is late by nearly three years and is time-barred unless tolling is available.

Bennett, who points to his *pro se* status and his lack of legal assistance, appears to seek equitable tolling here. Equitable tolling is permitted in rare circumstances. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). The Fifth Circuit has held that a prisoner's *pro se* status does not excuse an untimely federal habeas corpus petition. *See Lookingbill v. Cockrell*, 293 F.3d 256, 264 n.13 (5th Cir. 2002); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ). The movant's incarceration and ignorance of the law do not otherwise excuse his failure to file a timely motion and are not grounds for equitable

4

tolling. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a movant's ignorance or mistake is insufficient to warrant equitable tolling). Bennett does not otherwise establish that he has been pursuing his rights diligently or that some extraordinary circumstance stood in his way of filing a timely § 2255 motion. Accordingly, he fails to establish that an equitable exception applies. *Petty*, 530 F.3d at 365. Therefore, Bennett's pending motion for relief under § 2255 must be dismissed for this additional reason as untimely filed.[2]

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

---

[2] Likewise, Bennett does not dispute that he has several prior convictions for violent felonies or that he made false statements in an attempt to acquire a firearm. Bennett provides no authority in support of his claim that the charges listed in the indictment, which alleged violations of 18 U.S.C. §§ 922(g)(1) and 924(e) [count one], as well as violations of 18 U.S.C. §§ 922(a)(6) and 924(a)(1)(B) [count two], were invalidated by Public Law 99-308, and he does not demonstrate that his conviction is void for lack of jurisdiction. Bennett's conclusory allegations do not show that his defense counsel was ineffective for failing to raise these arguments. Because the motion is plainly barred from review for other reasons, the Court does not address the merits further.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all of the foregoing reasons, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the defendant has a valid claim. Accordingly, a certificate of appealability will not issue.

## IV.   CONCLUSION AND ORDER

For all of the foregoing reasons, the Court **ORDERS** as follows:

1. The defendant's pending motion [Doc. # 72] and the corresponding civil action (H-10-2830) are **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk's Office will provide a copy of this order to the parties and will file a copy of this order with the docket in Civil Action No. H-10-2830.

SIGNED at Houston, Texas, on  August 12 , 2010.

_____
Nancy F. Atlas
United States District Judge